HENRY PINKOS *et ux. vs.* JOSEPH A. BONIN.

JULY 21, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is an action in assumpsit for breach of the terms of a building contract. After a trial in the superior court a jury rendered a verdict for the defendant. Thereafter the trial justice granted the plaintiffs' motion for a new trial and the case is before us on defendant's single exception to such decision.

The plaintiffs are husband and wife. The defendant at the time of trial was seventy-two years of age and had worked as a carpenter since the age of seventeen. The declaration alleges that on July 2, 1947 defendant agreed to build a house for plaintiffs in South Attleboro, in the commonwealth of Massachusetts, for the price of $4500; that he failed to complete this house in accordance with his agreement; that it was not built according to the plans and specifications; and that much of the work thereon was defective and performed in an unworkmanlike manner. Plaintiffs testified that defendant agreed to complete the

house for the sum of $4500; that he had signed an agreement to that effect which was presented in evidence; and that he had failed to finish the house in accordance with such written agreement. They presented as a witness an architect who testified that it would cost from $1000 to $1500 to complete the house in accordance with the plans and specifications.

Defendant admitted his signature to plaintiffs' copy of the agreement, but testified that he did not sign the standard form of plans, specifications and agreement when he delivered three copies thereof to plaintiffs. He further testified that the latter, finding it necessary to raise additional money for the construction of the house, went to a bank in Pawtucket and returned to him with a request for his signature on the plans, specifications and agreement, and that he then signed only plaintiffs' copy, but that neither the amount of the contract nor the terms of payment then appeared thereon.

Defendant claimed that he was merely a carpenter and not a contractor; that he told plaintiffs that he did not have any money to build the house; and that they agreed to pay all bills for materials as they were presented and also to pay him for his labor and the labor of others whom he employed to do the work. These claims, excepting the nature of defendant's contractual relationship, were admitted to be true by plaintiff Martha Pinkos. She also admitted that although the written agreement upon which plaintiffs relied called for a one-third payment of the contract price when the roof was up, one third when the house was plastered and one third when the house was completed, they had never made any of such payments but had paid defendant only for labor in accordance with the time sheets which he presented; and further that they had paid the bills for materials. Defendant pointed to these facts to support his contention that he was a laborer for wages rather than a contractor.

However, the evidence on the controlling issues is con-

flicting and irreconcilable. The determination of these facts depended largely upon the credibility of the respective parties particularly as to the signed written agreement and the weight which the trial justice attached to their testimony. It is apparent from the language of the trial justice in his decision on the motion for a new trial that he believed the plaintiffs' testimony rather than that of the defendant. In such decision, as bearing on defendant's general claim that he was working as a carpenter for hire and not under a written contract, the trial justice stated: "The defendant gave no satisfactory reason for signing the contract. * * * The plaintiffs appeared to me to be honest people and told credible stories."

The trial justice had the opportunity, which we do not have, of seeing and hearing the witnesses testify and was therefore in a better position than this court to appraise and evaluate their testimony. It clearly appears that he did not merely substitute his judgment for that of the jury as claimed by defendant but in passing upon the motion he exercised his own independent judgment on all the evidence as required, and that thereupon he expressed the opinion that "the jury failed to respond truly to the real legal merits of the controversy and to do substantial justice between the parties * * *."

In these circumstances the trial justice properly performed his duty in granting the plaintiffs' motion for a new trial. *Nichols* v. *New England Tel. & Tel. Co.*, 57 R. I. 180. Since our examination of the testimony does not show that he misconceived or overlooked any material evidence we cannot say that his decision granting such motion was clearly wrong.

The defendant's exception is overruled, and the case is remitted to the superior court for a new trial.

*Corcoran, Foley & Flynn*, for plaintiffs.

*William R. Goldberg*, for defendant.